UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

| | |
|---|---|
| GREGORY RYAN WEBB, | ) |
| Petitioner, | ) |
| | ) No. 2:24-cv-00085 |
| v. | ) |
| STATE OF TENNESSEE, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Petitioner Gregory Ryan Webb filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1). He paid the filing fee of $5.00. (Doc. No. 1). Subsequently, Petitioner filed an Amended Petition. (Doc. No. 11)

Petitioner also has filed several motions: "Motion to Accept Jurisdiction" (Doc. No. 2), "Motion for A0241 or 2254 Petition Filed" (Doc. No. 7), Motion to Appoint Counsel (Doc. No. 8), "Motion/Request" (Doc. No. 9), Motion to Issue Summonses (Doc. No. 12), and "Motion and Supporting Memorandum with Request for Injunction" (Doc. No. 13).

Title 28 U.S.C. § 2244(b)(i)-(ii) provides that a petitioner may only file a second or successive habeas petition in two limited circumstances:

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

1

<u>Id.</u> In either instance, before a second or successive petition for a writ of habeas corpus may be adjudicated in the district court, the petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 528 (2005).

In his Amended Petition, Petitioner attacks his conviction in Cumberland County Circuit Court Case No. 22-130. (Doc. No. 11 at PageID# 119). In that case, Petitioner was convicted on one count of domestic assault, a Class A misdemeanor. <u>See</u> <u>State v. Webb</u>, No. E2023-00464-CCA-R3-CD, 2023 WL 8233126, at *1, *3 (Tenn. Crim. App. Nov. 28, 2023). Petitioner was sentenced to eleven months and twenty-nine days at seventy-five percent service. <u>Id.</u> at *3.

That is the same conviction Petitioner challenged in an earlier pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 before this Court. <u>See</u> <u>Gregory Ryan Webb v. State of Tenn.</u>, No. 2:24-cv-40 (filed 5/17/2024 M.D. Tenn.). By Memorandum Opinion and Order entered on August 19, 2025, the Court dismissed the petition in Case No. 2:24-cv-40 in its entirety, having found that the Court lacked subject-matter jurisdiction necessary to review it. (<u>Id.</u>, Doc. No. 22).

Petitioner acknowledges that he filed a previous Section 2254 petition challenging the same judgment (Doc. No. 11 at PageID# 131) but fails to explain why he is entitled to a different result now. Neither has Petitioner moved in the appropriate court of appeals for an order authorizing the district court to consider his petition. In this instance, however, even though Petitioner's Amended Petition is his second-in-time petition challenging the same judgment as his first-in-time petition (not to be confused with the original petition filed herein), the Court finds that it is inappropriate to transfer the Amended Petition to the Sixth Circuit for authorization as a "second or successive petition" pursuant to 28 U.S.C. § 2244(b)(3)(A). That is

because this Court lacks subject matter jurisdiction to consider the Amended Petition in the first place, just as it lacked subject matter jurisdiction to consider the petition filed in Case No. 2:24-cv-40. See Magwood v. Patterson, 561 U.S. 320, 330-31 (2010) ("If an application is 'second or successive,' the petitioner must obtain leave from the Court of Appeals before filing it with the district court.... If, however, [the] application [is] not second or successive, it [is] not subject to § 2244(b) at all, and [the] claim [is] reviewable.").

"Federal courts are courts of limited jurisdiction . . . possess[ing] only that power authorized by the Constitution and statute." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1986). The court has a duty in every case to assure itself that the exercise of subject-matter jurisdiction is proper. Answers in Genesis of Kentucky, Inc. v. Creation Ministries Int'l, Ltd., 556 F.3d 459, 465 (6th Cir. 2009). Whenever it appears that such exercise might not be proper, "federal courts have an independent obligation to . . . raise and decide" the issue. Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428, 434 (2011).

Petitioner seeks federal habeas relief from this Court under 28 U.S.C. § 2254. Under Section 2254, federal habeas relief is available only to state prisoners who are "in custody pursuant to the judgment of a State court" at the time of filing. 28 U.S.C. § 2254(a). The "in custody" requirement is jurisdictional in nature, and courts have interpreted this language to require a petitioner to be in custody at the time of filing. Maleng v. Cook, 490 U.S. 488, 490 (1989); Hautzenroeder v. DeWine, 887 F.3d 737, 740 (6th Cir. 2018) ("This language is jurisdictional: if a petitioner is not 'in custody' when [he] files [his] petition, courts may not consider it.").

"To satisfy the "in custody" requirement, persons seeking federal habeas relief must either be incarcerated or suffer some significant restraint on their civil liberties. Post-release

3

constraints such as probation or parole can count as "custody" under Section 2254. See id. 490-91; In re Stansell, 828 F.3d 412, 416 (6th Cir. 2016). Maleng held that prisoners may satisfy the "in custody" requirement when incarcerated under a separate judgment but are under a detainer for the unexpired state court judgment that will be enforced upon completion of their current sentence. Id. at 493. However, a petitioner is not "in custody" under a conviction "whose sentence has fully expired at the time his petition is filed," even if "that conviction has been used to enhance the length of a current or future sentence imposed for a subsequent conviction." Maleng, 490 U.S. at 491; see also Steverson v. Summers, 258 F.3d 520, 522-23 (6th Cir. 2001).

Here, Petitioner was neither incarcerated nor subject to ongoing restraints when he filed his Amended Petition. Petitioner's state-court sentence had fully expired well before he filed his Amended Petition.[1] The court had ordered no ongoing supervision or further restraints. Nearly ten months passed between the expiration of Petitioner's sentence (when he was unconditionally released on July 16, 2023) and the filing of his first federal habeas petition (which he filed on May 13, 2024 in Case No. 2:24-cv-40). His Amended Petition was filed over six months after that. Petitioner does not allege that he was incarcerated because of a new arrest or conviction at the time he filed his Amended Petition; in fact, he provided a residential address to the Court. Thus, the Court finds that Petitioner was not "in custody" at the time of filing the instant Section 2254 Amended Petition. See Reynolds v. Laurel Circuit Court, No. 18- 5473, 2018 WL 11301138 at *2 (6th Cir. Oct. 29, 2018) ("When the petitioner's sentence for a state conviction has fully expired, we lack subject matter jurisdiction to reconsider this conviction under § 2254 because the petitioner is no longer 'in custody' pursuant to that conviction.") (citing Lackawanna

---

[1] Although Petitioner did not include certain information cited in herein in filings submitted in this case, the Court takes judicial notice of the record in Gregory Ryan Webb v. State of Tenn., No. 2:24-cv-40 (filed 5/17/2024 M.D. Tenn.). The Court also references State v. Webb, No. E2023-00464-CCA-R3-CD, 2023 WL 8233126, at *1-3 (Tenn. Crim. App. Nov. 28, 2023).

Cty. Dist. Attorney v. Coss, 532 U.S. 394, 401 (2001)); In re Lee, 880 F.3d 242, 243 (6th Cir. 2018) (per curiam) (dismissing habeas petition, holding "a district court may consider a prisoner's petition only if he files it while 'in custody' under the conviction or sentence under attack"). Consequently, the instant petition must be dismissed because the Court lacks jurisdiction.

Accordingly, Petitioner's Section 2254 petition is **DISMISSED** in its entirety because the Court lacks the subject-matter jurisdiction necessary to review it.

Petitioner's "Motion to Accept Jurisdiction" (Doc. No. 2), "Motion for A0241 or 2254 Petition Filed" (Doc. No. 7), Motion to Appoint Counsel (Doc. No. 8), "Motion/Request" (Doc. No. 9), Motion to Issue Summonses (Doc. No. 12), and "Motion and Supporting Memorandum with Request for Injunction" (Doc. No. 13) are therefore **DENIED AS MOOT**.

Federal Rule of Appellate Procedure 22 provides that an appeal of the denial of a habeas petition may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing § 2254 Cases requires that a district court issue or deny a COA when it enters a final order. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). The district court must either issue a COA indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b).

Because reasonable jurists could not disagree with the resolution of Petitioner's petition, the Court **DENIES** a Certificate of Appealability.

This Memorandum Opinion and Order constitutes final judgment in the action.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE